In the Matter of the Judicial Settlement of the Account of EMILY A. SMITH, as Trustee under the Will of EDMUND A. SMITH, Deceased, Appellant.
EDMUND E. MURPHY, as Executor, etc., of ELSIE S. MURPHY, Deceased, and EUGENE H. POMEROY, Guardian ad litem of ELSIE J. MURPHY, an Infant, Respondents.

*Accounting by a testamentary trustee — parties — persons interested.*

While a voluntary accounting by a testamentary trustee was pending, a beneficiary of the trust estate died leaving an infant child, and a will, executed before the child's birth, which made no provision for it.

*Held,* that, on its parent's death, this child was vested with some interest in the trust estate, and was, therefore, a proper, although perhaps not a necessary, party to the accounting;

That an order making such child, as well as the executor of its deceased parent, parties to the accounting was proper; and that the judgment on the accounting would be binding on the child, and on its parent's estate.

APPEAL by Emily A. Smith, as trusteee under the last will and testament of Edmund A. Smith, deceased, from an order of the Surrogate's Court of the county of New York, entered in the surrogate's office on the 15th day of February, 1893, directing that Edmund E. Murphy, as executor of the last will and testament of Elsie S. Murphy, deceased, be made a party to the proceeding for an accounting by the said trustee, and that Eugene H. Pomeroy be appointed guardian *ad litem* of the infant Elsie J. Murphy upon said accounting, and that said guardian be made a party to the accounting.

The trust which formed the subject of the accounting was created by the following clause in the will of Edmund A. Smith, deceased: " I direct my executors, after providing for the above bequests, to divide all the rest, residue and remainder of my estate equally between my said wife and children, share and share alike, the principal of each child, however, not to be paid until they respectively arrive at the age of thirty years, the interest arising therefrom to accumulate during their minority, and on their attaining the age of twenty-one years the interest arising therefrom, that is, said principal and accumulations, to be paid to said children until they respectively arrive at the age of thirty years."

One of the testator's children, and a beneficiary under the above clause, was Elsie Smith. In May, 1891, the trustee, Emily A. Smith, filed a petition in the Surrogate's Court for an accounting, upon which citations were issued, among others to said Elsie Smith, who appeared and filed objections to the account; whereupon an order of reference was made to hear and determine the questions arising upon the settlement of the account, which reference was pending at the time of the filing of the petition under which the order appealed from was made.

On October 28, 1891, Elsie Smith married Edmund E. Murphy, and her name thereupon became Elsie S. Murphy. After the marriage, and on the day thereof, she executed her will, giving her entire estate primarily to her husband and appointing him executor, and making no provision for children; she thereafter, and on September 27, 1892, gave birth to a child, Elsie J. Murphy, and died. On December 2, 1892, Elsie S. Murphy's will was admitted to probate, and letters testamentary issued to Edmund E. Murphy, who qualified as executor.

On December 9, 1892, an application was made by Edmund E. Murphy, as executor, to intervene in the proceedings for the accounting by the trustee, and for the appointment of a special guardian for the infant, Elsie J. Murphy, and on such application the surrogate made the order now appealed from.

*Charles Donohue*, for the appellant.

*Frank D. Sturges*, for the respondent.

*Eugene H. Pomeroy*, guardian *ad litem*, respondent.

PER CURIAM:

Upon the death of Elsie S. Murphy, the daughter of Edmund A. Smith, and the mother of the infant respondent, an interest in the estate of the deceased Elsie S. Murphy became vested in Elsie J. Murphy, the infant respondent. It is unnecessary for us to determine on this appeal just what interest this infant had in the property held by the appellant in trust. Whether representing her mother, or being entitled to inherit from her mother, she had an interest in the mother's share of the property held in trust by the appellant, and as such was a proper party, although perhaps not a necessary party, to the proceeding for an accounting by the trustee. The judgment on that accounting will bind the infant; and as the executor, as personal representative of Elsie S. Murphy, is also a party to the proceeding, that judgment will also bind the estate of Elsie S. Murphy.

We think that the interests of all the parties to this proceeding can be settled in this proceeding, and that the order below was right and should be affirmed, with ten dollars costs and disbursements to the respondent to be paid by the trustee personally.

Present — VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ.

Order affirmed, with ten dollars costs and disbursements to the respondent to be paid by the trustee personally.