(27 Misc. Rep. 455.)

DAVIS v. DAVIS et al.

(Supreme Court, Special Term, New York County. May, 1899.)

1. BASTARDS—EVIDENCE OF PARENTAGE.

    Evidence that defendant's mother lived with her husband before marriage; that the latter was at the house when defendant was born, and afterwards married the mother; that defendant was named after him, and lived with him after the marriage,—is sufficient to raise the presumption that he was defendant's father, so as to entitle him to inherit, under Laws 1895, c. 531, providing that illegitimates whose parents shall marry shall be held legitimate, and entitled to all the rights of legitimate children.

2. COSTS.

    When one made defendant as general guardian and as guardian ad litem appears in both capacities by one attorney, a dismissal of the cause against him as general guardian will be without costs.

Action by Hazel L. Davis, by her guardian ad litem, against James Milledge Davis and others, to compel a determination of a claim to real property. Judgment for plaintiff.

Jay & Candler (Egerton L. Winthrop and Walter L. McCorkle, of counsel), for plaintiff.

Gratz Nathan, for guardian ad litem and general guardian, James Everard.

David May, for defendant Catherine Kuriger.

TRUAX, J. In February, 1890, when the defendant James Milledge Davis was born, his mother, the decedent, Emily K. Davis, was unmarried. In January, 1891, she married one Milledge J. P. Davis, and thereafter she and the said defendant James Milledge Davis lived with the said Milledge J. P. Davis, and with the plaintiff, Hazel L. Davis, who was born on the 23d day of August, 1893, and constituted his family. If the said James Milledge Davis is the son of the said Milledge J. P. Davis and of the said Emily K. Davis, he is entitled to one-half of the estate of which his said mother died seised, under and by virtue of chapter 531 of the Laws of 1895, which provides that "all illegitimate children whose parents have intermarried or shall intermarry, shall hereby become legitimatized and shall be considered legitimate for all purposes and shall enjoy all the rights and privileges of legitimate children." The evidence as to the paternity of the said James Milledge Davis is slight, but I am of the opinion that there is sufficient evidence to warrant the finding, and I do find, that Milledge J. P. Davis is his father. The evidence shows that the said Milledge J. P. Davis and the mother of said James Milledge Davis were frequently together prior to the birth of said James Milledge Davis,—in fact, it shows that they "lived" together; that Milledge J. P. Davis was present in the house at the time said James Milledge Davis was born; that, after the birth of said James Milledge Davis, said Milledge J. P. Davis and the mother of James Milledge Davis were married by a clergyman; that said James Milledge Davis was a part of the family of said Milledge J. P. Davis and of his said wife, Emily K. Davis; that, when said James Milledge Davis became old enough to talk, he called the said Milledge J. P. Davis "papa"; and that he bore one of the names ("Milledge") of said Milledge J. P. Davis. This is enough to raise the presumption that the said Milledge J. P. Davis believed, and had reason to believe, that said James Milledge Davis was his son, and this presumption has not been rebutted. The law favors the presumption of legitimacy.

The said Emily K. Davis left a last will and testament, which was made after her marriage to the said Milledge J. P. Davis, and before the birth of the plaintiff, Hazel L. Davis. By this will she devised all her property, both real and personal, to a trustee, to be held for the benefit of her son, James Milledge Davis. No provision was made in the will for the plaintiff, and therefore, under chapter 22 of the Laws of 1869, the plaintiff succeeds to such portion of her mother's estate as would have descended to her if her mother had died intestate; that is, the said Hazel L. Davis succeeded to one-half of her mother's estate, both real and personal. The other half is held by the trustee,

under the last will and testament of said Emily K. Davis, in trust for the defendant James Milledge Davis.

No cause of action was proved on the trial against James Everard, as general guardian of the person and estate of the said James Milledge Davis, and as to him the complaint should be dismissed; but as he has appeared as guardian ad litem and as general guardian, by one attorney, the complaint should be dismissed as to him as general guardian without costs.

The defendant Catherine Kuriger has been sued individually, and as administratrix with the will annexed of Emily K. Davis, deceased, and as trustee of the trust for the benefit of the said James Milledge Davis, created by the will of said Emily K. Davis, deceased, and as general guardian of the person of said Hazel L. Davis, the plaintiff. The only capacity in which she has any interest is as trustee of the above-mentioned trust, and as such trustee she is entitled to one-half of the property mentioned and described in the complaint.

Let a decree be entered adjudging that the plaintiff, Hazel L. Davis, is entitled to one half of the property mentioned in the complaint; that the defendant Catherine Kuriger, as trustee as aforesaid, is entitled to the other half of said property. The plaintiff is not entitled to costs. Costs are awarded to the defendant James Everard, as guardian ad litem of the said James Milledge Davis, and to Catherine Kuriger, as administratrix of the will annexed, as aforesaid. Said costs to be paid out of the estate. Decree to be settled on notice. Ordered accordingly.