(78 Misc. Rep. 715.)

### In re GODWIN.

(Surrogate's Court, Kings County. December, 1912.)

1. WILLS (§ 601*)—CONSTRUCTION—IMPLIED GIFT.

A gift over by will cannot be inferred, if by the inference a disposition to the issue of the first taker should be imposed upon an absolute devise contained earlier in the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1340–1350, 1608; Dec. Dig. § 601.*]

2. WILLS (§ 687*)—CONSTRUCTION—VESTED OR CONTINGENT INTERESTS.

Where a testator leaves his residuary estate in trust to pay the net income to his wife for life and on her death to divide the estate among four sons in equal shares, and provides that should any of them die without leaving lawful issue before the distribution his or their shares should be equally divided among testator's grandchildren, and in case of the death of any of the grandchildren, leaving lawful issue, such issue should receive the share his, her, or their parent would have taken if living, per stirpes and not per capita, each of testator's sons takes a vested interest subject only to be defeated on his death without issue, and the interest of a son who died after testator and before the widow, leaving issue, escapes further control of the testator's will and is governed by the statute of descent and distribution.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1638–1643; Dec. Dig. § 687.*]

Judicial settlement of the account of Allan W. Godwin, as sole surviving trustee under the last will and testament of Richard J. Godwin. Decree entered.

Jacob Brenner, of Brooklyn, for accounting trustee.

George V. Brower, of Brooklyn, for Kings County Trust Company as guardian of the estates of the children of David Godwin, deceased.

Kramer, Cohn & Meyer, of Brooklyn, for issue of Francis C. Godwin, deceased.

Frederick H. Cowden, of New York City, for Agnes M. Godwin, as administratrix of David R. Godwin, deceased.

Henry C. De Witt, of New York City, for Reversionary Estates Co.

KETCHAM, S. The will under which this accounting is made contains a standard trust to pay the net income of the residue to the testator's wife during her life, and the further trust upon her death, fairly condensed to present the questions which have been submitted, is as follows:

"On the death of my said wife, I order and direct my said * * * trustees to pay over, divide and distribute all the said * * * residue of my estate * * * to and among the following persons, namely, * * * to my son John D. Godwin one fourth part thereof; to my son Allan W. Godwin one fourth thereof; to my son Francis C. Godwin, one fourth part thereof and unto my son David R. Godwin the remaining fourth thereof; should any one or more of my said sons die without leaving lawful issue him or them surviving, before such distribution and division is made, then and in that event the share or shares of him or them so dying shall be equally divided among all my grandchildren then living share and share alike; and in case of the death of any one or more of my said grandchildren dying leaving lawful issue him, her or them surviving, such issue shall receive the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

share, his, her or their parent would have taken if living, per stirpes and not per capita, to be paid to, had and received by such grandchildren or their issue as they severally attain the age of twenty-one years."

This will may be interpreted for every present purpose if it be determined that the testator's sons took vested remainders, although subject to defeasance in case of death without issue. If that determination be reached, then each son leaving issue was the owner of the remainder reserved to him and the same passes to his representatives, or, possibly, according to the nature of the property, to his heirs at law.

[1] It is argued that there is an implied gift of these remainders to the issue of any son dying with issue before the life tenant. It is sought to support this claim by the significant absence from the eighteenth paragraph of the will of any provision for a gift over in case of the death of a son, leaving issue; although the same paragraph in case of the death of a son, without issue, makes disposition of each of the remainder interests to all of the testator's grandchildren and is further solicitous for the destination of any fractional share in case of the death of a grandchild leaving lawful issue surviving him.

Whatever warrant for estates by implication may be found in the authorities, none of them indicate that a gift over can be inferred if by the inference a disposition to the issue should be imposed upon an absolute devise contained earlier in the will.

In Matter of Vowers, 113 N. Y. 569, 21 N. E. 690, the court, per Finch, J., says:

"The rule of construction which seems to have prevailed is that the inference from the will need not be irresistible or such as to exclude all doubts possible to be raised, but must, nevertheless, be such as to leave no hesitation in the mind of the court, and must not rest upon mere conjecture. The intention must be clear so that no other reasonable inference can be made. * * * When his (the testator's) words leave no doubt about his intention and can have no other reasonable interpretation, we are justified in upholding a legacy by implication where no gift in express terms has been made."

In Masterson v. Townshend, 123 N. Y. 458, 25 N. E. 928, 10 L. R. A. 816, it is said:

"Courts have, from an early day, repeatedly upheld devises by implication, where no gift of the premises seems to have been made in the will, in formal language (citing cases). They are justified in so doing whenever such a construction expresses what the testator manifestly intended to express."

In Close v. Farmers' Loan & Trust Co., 195 N. Y. 92, 87 N. E. 1005, the court discovered an intention that the trust for the daughter, upon her death leaving issue, should inure to the benefit of her issue, though no such provision was found in the will; but this finding was plainly based upon the conclusion that the testator "did not give the fee or the principal to his daughter."

In Matter of Moore, 152 N. Y. 602, 46 N. E. 960, an estate by implication was found; but no question there arose as to whether or not such an estate could be imposed upon a will in contradiction of an express prior gift.

In Matter of Hoffman, 201 N. Y. 247, 94 N. E. 990, no need for the implication there made could have arisen if the estate which was the subject thereof had not been suspended upon contingency.

"The doctrine of enlarging estates by implication arises only in cases where the testator has himself left it uncertain what estate he intended to give. It is to further an unexpressed intention, and not to subvert a plainly expressed one, that the doctrine of enlarging estates by implication is resorted to." Shreve v. Shreve, 43 Md. 383.

The cases cited and many others either declare or recognize the truism that the inference of a gift cannot be made where the result would be to defeat or impair an express disposition.

Hence, if in the case at bar the estate be by a prior gift vested in one of the testator's sons for every purpose and in every event except his death without issue, the implication not only should be avoided, but must be rejected, under the rigid rule:

"Where one estate is given in one part of an instrument in clear and decisive terms, such estate cannot be taken away or cut down by raising a doubt upon the extent or meaning or application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that estate." Roseboom v. Roseboom, 81 N. Y. 356; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11.

The doctrine of implied gift can therefore be applicable only where the remainder is contingent and ultimate gifts are substitutionary. In no other case is there room for its use. That these remainders were vested, and not contingent, and that each son took a present estate therein, subject only to a defeasance in case of his death without issue, appears from many converging authorities.

It may be argued that the quality of contingency should be attached to a remainder in order to let in the implied gift to the issue of a deceased son where otherwise such issue might suffer from a neglect which the testator is presumed not to have intended. In the cases cited to support the theory of an implied gift to the issue the implication has been indulged only to repair a lapse in the will by which, except for the implication, the natural interests of the issue would have been ignored.

There would seem to be scant ground for any argument from the will at bar that the testator· must have contemplated a gift over to issue. That argument would accord with practical righteousness, and therefore suggest that the testator intended a gift to the issue if, without it, the issue would be totally deprived of representation in the share originally assigned to their parent; but, in the will under examination, the remainder, if vested in one of the sons, would pass to his legal representatives or heirs at law and for the greater part thereof, would beneficially reach the issue surviving him. There is in this case no such revolting misfortune to be escaped by construction as would thrust itself forward for correction if the issue were totally deprived of the estate in the absence of an implied gift.

A feature of the will not to be neglected is that, in the event of a death among the testator's sons without issue, there is not only a gift

to all the grandchildren, but in the case of a death among them a gift over to the issue of such grandchildren, if any. Upon this provision there is erected the fair argument that the testator, thus thoughtful in one event for the issue of all his grandchildren, could not have meant to exclude the particular children of a single son who might happen to die before the life tenant, leaving such children; but the essence of this contention, as clearly stated by counsel, is that, unless the implication of a gift be made, the issue of a son would be wholly excluded; but no such abhorrent result will follow if the remainder of the son be vested, and, as shown supra, be held to go to the son's representatives, in larger part for the benefit of his children, or to them as heirs at law.

[2] Without undue regard for the presumption in favor of the vesting of estates, or the appetite of the law for such construction as will avoid disherison of remaindermen, or intestacy or the lessening of an apparent devise to an heir at law (Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890; Clark v. Cammann, 160 N. Y. 315, 326, 54 N. E. 709; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20; Matter of Russell, 168 N. Y. 169, 61 N. E. 166; Trowbridge v. Coss, 126 App. Div. 679, 110 N. Y. Supp. 1108), the vested character of the remainders in question seems plain.

In each instance there was a person "in being who would have an immediate right to the possession of the property on the determination of the intermediate or precedent estate." Real Prop. Law (Consol. Laws 1909, c. 50) § 40. The gifts in remainder were couched in a direction to divide and distribute in the future, but they were not so limited to a class that only those who might at the time of distribution fulfill the qualities of membership in such class were entitled to take.

In Shangle v. Hallock, 6 App. Div. 55, 39 N. Y. Supp. 619, it is said, by Cullen, J., of the will there before the court, as follows:

"The children among whom the division is to be made are mentioned by name. In this respect the present case is stronger than those of Goebel v. Wolf [113 N. Y. 405, 21 N. E. 388, 10 Am. St. Rep. 464], and Matter of Tienken [131 N. Y. 391, 30 N. E. 109]."

In the Godwin will the devise is to four persons named and there is no room for the application of the rule that the gifts were dependent upon survivorship and the maintenance of a place in any class. The present case is clearly excluded from the rule that:

"Where the only words of gift are found in a direction to divide or pay at a future time, the gift is future, not immediate; contingent, and not vested."

It is rather within the broad exception that, if the postponement of the payment is for the purpose of conveniencing the estate of the decedent and of letting in an intermediate estate under his will, the interest shall be deemed vested at the death of the testator and futurity shall not be annexed to the substance of the gift. Matter of Young, 145 N. Y. 535, 40 N. E. 226; Matter of Crane, 164 N. Y. 71, 58 N. E. 47. The rule last stated is affirmed, though not applied, in Matter of Crane, supra.

It is probable, though by no means obvious from the cases, that the intermediate estate which by its intervention would indicate an intention that the distributees to take in the future shall receive a vested estate is only a particular estate carved out for the benefit of a life tenant upon whose death the division is to take place, and that a postponement for the benefit of one who himself is intended to share in the distribution, personally or by some form of representation, does not necessarily, if ever, intimate that the persons intended as distributees take a vested remainder.

Whether or not this distinction exists, the present will, by any criterion, does provide for a particular estate the maintenance of which is the sole cause for deferring the final division, and the postponement is clearly for the convenience of the decedent's estate and for providing means by which it can discharge the burdens which the trust for the life tenant imposes.

The construction to be carried into the decree of distribution is that the sons named in the eighteenth paragraph who have died since their father's death and before their mother's, leaving issue, took and left behind them a vested estate in the fee or fund of the trust, and that such estate, in each instance, escapes the further control of the father's will and as a part of the general estates of the sons, respectively, is to be governed by the statute of descent and distribution.

Decreed accordingly.

---

(78 Misc. Rep. 692.)

### In re ELTING'S ESTATE.

(Surrogate's Court, Westchester County. December, 1912.)

1. TAXATION (§ 872*)—TRANSFER TAXES—PROPERTY SUBJECT.
    A life policy payable to the executors, administrators, or assigns of insured for the express benefit of his wife and surviving children is not subject to a transfer tax.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 872.*]

2. TAXATION (§ 895*)—TRANSFER TAXES—APPRAISAL OF PROPERTY.
    Where a will gave to executors merely a discretionary power of sale of real estate, the necessary expenses of converting the real estate into cash will not be deducted in making an appraisal to fix a transfer tax.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]