Wingate, S.
The clear intention of the testator, as expressed in the clause of the will, reading: “ If my two sons, Hugh McLaughlin and William M. McLaugh *513 lin, predecease my wife, Mary A. Mariott McLaughlin, leaving no issue, then and in that event, I give, devise and bequeath to my said wife my real property in fee simple absolute, and my personal property absolutely, to her and her heirs forever,” is that upon the death of both sons, without issue, during the lifetime of the wife, the trust in her favor should terminate, and there would be a gift over to her of the principal of the trust; but should there be issue surviving the death of said sons, such issue would take a vested remainder in the principal of the trust. In other words, there is in such event an implied gift of the remainder to such issue as may survive the sons. Matter of Moore, 152 N. Y. 602; Close v. Farmers Loan & Trust Company, 195 id. 92; Matter of Hoffman, 201 id. 247.
William M. McLaughlin having died without issue, and Hugh McLaughlin being alive and having two children living, his conveyances to his mother do not cut off the right of his issue, the infants herein, to take the principal of the trust at her death, in case he dies before them during his mother’s lifetime.
It follows that Mary A. Mitchell has not now the right to immediate possession of the estate; that the testator did not die intestate as to the remainder over in case Hugh McLaughlin should predecease his mother, and that the trust continues until the life estate terminates by the death of the life beneficiary, when it will be distributable as above indicated. The decree will proceed accordingly.
Decreed accordingly.