In the Matter of the Construction of the Will of Rose G. Keeler, Deceased. John M. Keeler, Appellant; Gaynor Keeler, Individually and as Trustee under the Will of Rose G. Keeler, Deceased, et al., Respondents.— John Morgan Keeler, petitioner, has appealed from a decree of the Surrogate's Court of Albany County construing the provisions of the will of his mother, Rose Gaynor Keeler. The testatrix died on February 5, 1939, leaving a last will and testament which was admitted to probate in the Surrogate's Court of Albany County on February 7, 1939. She was survived by two sons, Gaynor and John Morgan. She nominated and appointed her son Gaynor Keeler and H. Hartley Ramsey to be executors and trustees of the will. Mr. Ramsey died prior to testatrix. Gaynor Keeler qualified as executor and trustee and letters were issued to him and he has acted as sole executor and trustee. The two paragraphs of the will for construction are the second and third. Paragraph second reads as follows: " I give, devise and bequeath the business known as ' Keeler's State Street ' together with the parcels of real property on State Street, Green Street and Norton Street in the City of Albany, New York,

upon which said restaurant is located and all personal property used in said business including furnishings, fixtures, table ware, glass ware and other miscellaneous property and accounts receivable unto my son, Gaynor Keeler." The pertinent provisions of paragraph third of the will which set up a trust for John Morgan Keeler are: " My said Trustees in their discretion are authorized to purchase a half interest in the said restaurant business known as ' Keeler's State Street ' including both real and personal property given and devised unto my said son, Gaynor Keeler, under paragraph or subdivision numbered ' Second ' of this, My Will, from said Gaynor Keeler, provided he still owns same, at any time up to the time that my said son, John Morgan Keeler, has attained the age of forty (40) years, and to pay therefor from said trust fund an amount not in excess of one-sixth of the principal of said trust fund at the value at the time of such purchase, provided said John Morgan Keeler requests the Trustees to make such purchase and upon such purchase upon the above terms my Trustees are authorized to convey to said John Morgan Keeler such half interest in said real and personal property." The sole issue on this appeal is whether the Surrogate was right in his decision that the devise and bequest to Gaynor Keeler of Keeler's State Street was absolute, unrestricted and unlimited. The appellant contends that the gift to Gaynor Keeler of Keeler's State Street under paragraph second was not absolute and unqualified as held by the court below but was a gift qualified by an option or power in trust or otherwise given to the trustees under the provisions of paragraph third which we have quoted to purchase a one-half interest in Keeler's State Street upon paying the price fixed in the will. The language of the will is clear and unambiguous. In our opinion the bequest in paragraph second is not limited or reduced by the provisions of paragraph third and we therefore hold that the Surrogate properly construed the provisions of this will. Decree appealed from unanimously affirmed, with costs to all parties filing briefs payable out of the estate. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ. [See *post*, p. 727.]