In the Matter of the Accounting of BROOKLYN TRUST COMPANY, as Sole Surviving Trustee, and STEPHEN O. HAWKINS et al., as Executors of EMMA V. KELLER, Deceased Trustee, under the Will of ALFRED D. KELLER, Deceased.

Surrogate's Court, Kings County, March 7, 1951.

*Jackson, Nash, Brophy, Barringer & Brooks* for petitioners.

*Henry C. Turner* for Robert J. Keller, III, respondent.

RUBENSTEIN, S. In connection with the judicial settlement of an account, construction of testator's will is sought.

By the terms of paragraph " Fifth ", testator's residuary estate is set up in trust for decedent's wife with income payable to her for life. Upon her death the principal is divided into three equal parts. Then follows the pertinent provision creating the gift: " I give, devise and bequeath one (1) of such equal parts, constituting one-third (⅓) of said trust fund, unto my nephew, Robert J. Keller, Jr., or, if he shall have predeceased me, to his issue per stirpes. Should my said nephew predecease me and my said wife leaving no issue us surviving, I give, devise and bequeath said equal part, in equal shares, to my nieces ".

The nephew survived testator but predeceased his widow. A son of the nephew is his only issue. It is his contention that the remainder interest of his father was divested by reason of the latter's death before the termination of the trust estate and by clear implication the manifest intention of testator was that he should take since his father did not survive the life tenant.

In support of this he argues that the interposition of the life estate, the provision for a substituted gift and the impossibility of determining who should be the object of the testator's bounty until the death of the life tenant, resulted in a postponement of absolute vesting until the termination of the trust by the widow's death. Therefore, he concludes, the interest of

his father, vested or contingent, was defeated by his death prior to that of the life tenant.

The court cannot reach the same conclusion. The language of testator is clear and unambiguous. By it he, in words in the present tense, gave one of such equal parts to his nephew. Up to that point the gift is absolute. Then in the event that the nephew should have predeceased testator, he made alternative dispositions. Testator predeceased his nephew. Thereupon the gift became vested in the latter. The alternative contingencies did not happen. They may not serve to restrict or limit the absolute bequest made (cf. *Matter of Keeler,* 278 App. Div. 614).

There is here no futurity annexed to the substance of the gift. This is not a case where the *only* gift is in the direction to pay or distribute at a future time; nor is the gift conditioned upon an event to be determined in the future. (See *Smith* v. *Edwards,* 88 N. Y. 92, 104.) In the will are words which import a present and vested gift and which indicate an intent to make a present and vested remainder (cf. *Wright* v. *Wright,* 225 N. Y. 329, 336).

The doctrine of a gift by implication is not applicable. There is no dispute between the nephew's issue and the nieces to determine which of them should take; testator made definite provision for the contingency of issue. (See *Matter of Hoffman,* 201 N. Y. 247, 253; see, also, *Matter of Moore,* 152 N. Y. 602; *Close* v. *Farmers' Loan & Trust Co.,* 195 N. Y. 92.) Moreover, contrasted to the clear language giving the remainder to the nephew, the will fails to disclose " such a strong probability of an intention " to give a bequest by implication that " the contrary cannot be supposed." (*Post* v. *Hover,* 33 N. Y. 593, 599; *Matter of Selner,* 261 App. Div. 618.) There is no doubt in the mind of the court that a bequest by implication was not intended; the court is convinced that the reasonable inference to be drawn from the will is that the gift indefeasibly vested in testator's nephew. (See *Bradhurst* v. *Field,* 135 N. Y. 564.) The gift to the nephew's issue was to be effective only if the nephew predeceased both testator and his wife, a contingency which did not happen.

The court, therefore, holds that testator's nephew, Robert J. Keller, Jr., took a vested interest in remainder. It was not divested by his death prior to testator's widow.

Proceed accordingly.