## LASHER *vs.* LASHER

When a testamentary disposition in favor of the wife, by the husband, is not expressed to be in lieu of dower, she is not put to her election, unless the terms and provisions of the will be totally inconsistent with her claim.

The presumption is that a bequest is intended as a bounty, unless the contrary appears, expressly, or by necessary implication.

The claim of dower is always favored.

When the testamentary provision in favor of the wife is of shorter continuance than the estate in dower, and is charged with a burthen, her acceptance of it is no bar to her dower.

When the intention of the testator is plain, it will be allowed to control the legal operation of words, however technical; for example, a charge made upon property *bequeathed*, is obligatory upon property *devised*, when from the context and whole scope of the will, it appears the latter was intended to be charged.

MOTION by the defendant for a new trial, upon a bill of exceptions. The complaint alledged that on the 23d of April, 1838, George Lasher made and published his last will and testament, in due form of law to pass real estate, wherein he devised to his son, Elias Lasher, (the defendant,) the remaining one hundred acres, in his home lot where he then resided, together with the remaining half of the wood lot joining the lands of John S. Van Slyck, being fifteen acres, and to his heirs and assigns; and he also gave by said will, to his wife Catharine Lasher, (the plaintiff,) the use of one room in his dwelling house, and a share of the stoop and kitchen and cellar and chamber, and her support, as hereinafter mentioned. The said George Lasher also made the following devise: " I also will and order that my said wife Catharine, be well and sufficiently supported and maintained by my son Elias, out of property bequeathed to him (said Elias,) so long as she, the said Catharine, may remain my widow." That the said George Lasher the testator, died on the 15th day of June, 1838, without altering or revoking his said will; that the defendant, after the death of the said testator, had notice of the devise to him made as aforesaid, and of the incumbrance of the support and maintenance of his mother, the plaintiff, thrown upon the said real estate so devised by the testator, and he then and there entered upon, and was possessed

Lasher *v.* Lasher.

of the said land so devised to him in virtue of and by force of the said will, and still continued so possessed thereof: by reason of all which said premises the defendant became and was liable sufficiently to support and maintain the plaintiff out of the property bequeathed by the said George Lasher to him as aforesaid, which support and maintenance was made a charge upon the aforesaid lands, devised to the defendant as aforesaid, according to the tenor and effect of the said last will and testament, and being so liable to the said defendant, in consideration thereof, promised the plaintiff to support and maintain her whenever afterwards the said defendant should be thereunto requested.    A request and refusal were then alledged.

The defendant, by his answer, admitted the making of the will, and the contents thereof, as set forth in the complaint, and that he had notice of the devise to him of the lands mentioned in the complaint, but denied that he had notice of the incumbrance of the support and maintenance of his mother, the plaintiff, being thrown upon the said real estate devised to him; or that the defendant entered upon and was possessed of the lands devised to him by his father, in virtue of and by force of the said will, and that he continued so possessed thereof.    The defendant further alledged, that after the death of the testator the plaintiff remained and lived upon the lands devised to the defendant, using and enjoying the rooms, stoop, kitchen, cellar and chamber, and the whole house, as she pleased, and shortly thereafter claimed her dower in the lands devised to the defendant, and proceeded to have, and did have one-third part of the said lands and premises set off to her for her dower, and that the plaintiff had from that time since hitherto had the use and occupation, and received the rents and profits of the said one-third part of the said lands set off to her for her dower as aforesaid.    And the defendant denied that he became or was liable to sufficiently support or maintain the plaintiff out of any property bequeathed by the said testator to him; and that such support and maintenance was by the said will or otherwise made a charge on the lands devised to him as aforesaid.    And he insisted that the provision made in the said last will and testament for the sup-

port and maintenance of the plaintiff, with the use of the rooms, stoop, kitchen, cellar and chamber, was according to the true intent and meaning of the said will, and the intention of the testator, to be in lieu of any claim of dower, on the part of the plaintiff, in the lands devised to the defendant, and that she, having elected, claimed, and taken her dower in the said lands, and hitherto used and enjoyed the benefit thereof, had thereby waived and relinquished all the benefits of the provisions made for her support in and by said will. And the defendant alledged that he had at all times hitherto, since the death of his father, fulfilled and discharged all the duties and obligations to and towards his mother, the plaintiff, imposed upon him by the said last will and testament or otherwise, and was still ready and willing so to do.

A replication was filed, taking issue upon the new matter set up in the answer, and denying that the provision in the testator's will, for the plaintiff, was intended to be in lieu of dower.

On the trial, the plaintiff proved the expense of her board and support up to the commencement of the suit, and that the lands devised to the defendant were worth from thirty to thirty-five dollars per acre. It was also proved that the plaintiff had demanded and received her dower in the lands devised to the defendant. The circuit judge denied a motion for a nonsuit, and the jury, under his direction, rendered a verdict in favor of the plaintiff for $312,19. And the defendant, upon a bill of exceptions, now moved for a new trial.

*T. B. Mitchell*, for the plaintiff.

*H. Adams*, for the defendant.

*By the Court*, WILLARD, P. J. The pecuniary provision, made by George Lasher by his last will, in favor of his wife, the plaintiff, was not stated in the will to be in lieu of dower. It was to continue, moreover, so long only as she remained his widow, and it was charged with the furnishing a home for his two daughters, so long as they remained single.

Lasher *v.* Lasher.

When the testamentary disposition in favor of the wife is not expressed to be in lieu of dower she is not put to her election, unless the terms and provisions of the will be totally inconsistent with her claim. (*See* 2 *R. S.* 714, § 13. *Church* v. *Bull and wife,* 2 *Denio,* 430. *S. C. in Supreme Court,* 5 *Hill,* 206. *Sanford* v. *Jackson,* 10 *Paige,* 266. *Cruise's Digest, title* 6, *ch.* 4.) The presumption is that the bequest was intended as a bounty, unless the contrary appears, expressly, or by necessary implication. The claim of dower is always favored; and it must prevail where the testamentary provision is of shorter continuance than the estate in dower, and charged with a burthen. The devise to the defendant was of the bulk of the testator's estate, and was apparently ample to fulfill all the intentions of the will, after deducting the dower of the plaintiff. Her acceptance of dower, therefore, did not deprive her of the support provided for in the will.

The testator *devised* to the defendant one hundred acres of his home lot and fifteen acres of wood land, in fee, and charged him with the payment of one hundred and fifty dollars to each of his three sisters, being $450. The will then proceeds thus: "I also will and order that my said wife Catherine be well and sufficiently supported and maintained by my son Elias out of the property *bequeathed* to him, so long as she may remain my widow." It is insisted by the defendant that as the term *bequeath* is only applicable to a testamentary disposition of personal estate, and as none such is mentioned in the will, the defendant takes nothing under the will which is chargeable with the support of the plaintiff. Although the word "*devise*" is the appropriate term, in a will, to pass real estate, and *bequeath*, the term applicable to gifts of personal property, yet a strict adherence to technical words is not necessary to give effect to any species of disposition. In *Doe* v. *Tofield,* (11 *East,* 246,) the testator's real estate was held to pass, under a will bequeathing his *personal estate;* it being manifest, from the whole scope of the instrument, that a disposition of his real estate was intended; and see to the same effect *Roe* v. *Patterson,* (16 *East,* 221.) Technical words are indeed presumed to be used

in their legal sense, unless the context contains a clear indication to the contrary. (*Lane* v. *Lord Stanhope*, 6 *D. & E.* 352, *per Lord Kenyon.*) And to the same effect are the observations of Lord Alvanley in *Thellusson* v. *Woodford*, 4 *Ves.* 329.) Where the intention of the testator is plain, it will be allowed to control the legal operation of words, however technical. (*Jesson* v. *Wright*, 2 *Bligh*, 1. 2 *Will. Ex.* 710.) It is perfectly manifest that the testator intended to charge the support of his wife upon the property devised to his son Elias. This intention should not be defeated, because in referring to the real estate, devised to him, he designates it as "*property bequeathed*" to him. The testator clearly intended to provide a support for his wife. He had *devised* to his son an ample estate able to bear the charge, and had *bequeathed* to him nothing. By the construction insisted on by the defendant, the whole provision for the wife will be defeated, and the defendant receive the bulk of the estate exonerated from the charge. This would be unjust. The word *legacy* may apply to real estate, if the intent so require. (2 *Hilliard*, 529, § 55.) The defendant, having accepted the devise to himself, became charged with the support of the plaintiff. It is admitted by the pleadings that on the death of the testator he entered upon and was possessed of the lands devised to him.

The acceptance of the lands devised charged with the plaintiff's support, was a sufficient consideration to raise a promise to pay for that support. The value of the support during the period covered by this action was proved. No question on that point is raised by the bill of exceptions. The former suit was for the support of the plaintiff, for a period previous to the time for which the present action was brought, and therefore formed no bar to the present action. It was not like the case of *Fish* v. *Folley*, (6 *Hill*, 54.) There was an express covenant, the breach of which entitled the covenantee to damages equivalent to the rights secured by it. But here is a charge of support, continuing in its own nature, during the lifetime of the plaintiff, which could not be estimated in a single suit.

There is nothing in the language of the will which indicates

that the plaintiff was to be supported in the house on the premises; nor did it appear that the expense of the support in the family of her son in law was any greater than if she had kept house. The case differs from *Pool* v. *Pool*, (1 *Hill*, 580,) which was a covenant to *keep and maintain* certain children, which the court thought from all the surrounding facts, meant to keep and maintain them as members of the defendant's family. One of the children voluntarily went away, and did not return, and it was held that the covenantee could not sustain an action to recover the value of the support. There was no evidence that the defendant offered to support the plaintiff, in his own house, or elsewhere.

The record of the former suit was introduced by the plaintiff without objection at the time. The remark of the learned judge, that the record was evidence of the defendant's entry under the will, and of the defendant's promise, was entirely immaterial, inasmuch as the defendant's entry under the will stands admitted by the pleadings, and the law raises the promise, to support the plaintiff, from the acceptance of the devise.

On the whole, I perceive no error in the ruling at the circuit.

New trial denied.

[WARREN GENERAL TERM, May 3, 1852. *Willard, Hand* and *Cady,* Justices.]