PETER T. MASTERSON, Respondent, *v.* JOHN TOWNSHEND et al., Appellants.

A demurrer admits only such relevant facts as are well pleaded; it does not admit a legal conclusion.

In order, therefore, to justify a judgment for plaintiff in an action of ejectment upon demurrer to his complaint, the complaint must disclose on its face such a state of facts as that their admission by the demurrer leaves but the legal conclusion to be drawn in plaintiff's favor.

In an action of ejectment brought by one claiming as heir at law of W., the complaint alleged, in substance, these facts: W. died seized in fee, as tenant in common with his brother P., of the premises and leaving a will whereby he devised his interest to his executor, in trust, to pay a specified annuity therefrom to his wife so long as she remained unmarried, and the balance to P. If the latter and the executor should deem it advisable to sell the real estate, the will authorized the executor to unite in the sale and in a deed, and from the proceeds to pay to the wife the annuity specified, and upon her marriage or death before marriage, all of the proceeds were directed to be paid to P. No sale of the real estate was made, and the widow remarried. The complaint then alleged that plaintiff, as heir at law, was seized in fee of an undivided interest in the premises, and as such was entitled to possession. Upon demurrer to the complaint, *held*, that the provision of the will was in

effect a devise by implication to P., and upon the death of the testator, P. became vested with the title, subject only to the trust provision made for the widow, and, therefore, that the complaint showed that plaintiff had no title to or interest in the premises, and an order overruling the demurrer was error.

*Masterson* v. *Townshend* (25 J. & S. 21), reversed.

(Argued October 9, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 1, 1889, which affirmed a judgment entered upon an order of Special Term overruling a demurrer to plaintiff's complaint.

This was an action of ejectment.

The complaint, after alleging the seizure of certain real estate by William H. Masterson and Peter Masterson, as tenants in common, sets forth William's death and the devise in his will of the property to his executor, upon a certain trust during his wife's life, or widowhood. The provision of the will was set forth in full in the complaint and is given in the opinion. The complaint alleged that no other disposition of the premises was made, and that the widow has remarried; that testator left no children; and that plaintiff is one of his heirs at law, and as such, he claims to be seized of a certain undivided interest in the property, and to be entitled to an immediate possession thereof.

The defendants demurred to the complaint, as not stating facts sufficient to constitute a cause of action. Upon the order overruling the demurrer, a final judgment was entered.

*Theron G. Strong* for appellant. Decedent intended that Peter should have decedent's share of the property, subject to the widow's annuity, and, therefore, the heirs at law have no title. (1 R. S. 729, §§ 61, 62; *Roe* v. *Vingut*, 117 N. Y. 204; *Phillips* v. *Davies*, 92 id. 204.) Where there is no express gift, yet if the intent of the decedent seems to favor it, a gift will be inferred from the language used, and will be implied. (*In re Vowers*, 113 N. Y. 569.) The appellants are not precluded by the demurrer from asking a construction of

the will. (Stephen on Pl. 144; *Bonnell* v. *Griswold*, 68 N.
Y. 294; *B. Inst.* v. *Bitter*, 8 id. 250–256; *Murray* v. *Clar-
endon*, L. R. [9 Eq.] 17.)

*George Wilcox* for respondent.    Defendants are precluded
from insisting on appeal that the heirs at law of the testator
have taken no title under the will, as all the allegations of the
complaint are admitted by the demurrer. (Abb. Dig. of 1884,
258; *Brown* v. *Champlin*, 66 N. Y. 219; *Thayer* v. *Gill*, 42
Hun, 268; *Garner* v. *M. B. Assn.*, 6 Duer, 539, 543; 2
Van Santvoord's Eq. Pl. 448; 3 Barb. Ch. 852; 2 Boone's
Pl. 302; *Townshend* v. *Townshend*, 1 Abb. [N. C.] 81;
*Wooley* v. *Newcombe*, 87 N. Y. 612; *Berney* v. *Drexel*, 33
Hun, 34.) The literal meaning of the words used by the tes-
tator must control in the construction of the will, and that is
in accordance with the allegations of the complaint. (*Campbell*
v. *Beaumont*, 92 N. Y. 204; *Hone* v. *Van Schaick*, 3 id. 544.)
The clause of the will in question cannot be construed as a
devise of the fee to Peter Masterson. (1 R. S. 729, § 60.; 3
id. 2182, § 60; *Noyes* v. *Blakeman*, 6 N. Y. 567.) There is
no devise by implication. (2 Jarman on Wills, 163.) The
trust established by the will ceased upon the remarriage of
the widow, and the estate descended to the heirs of the testa-
tor. (1 R. S. 729, §§ 62, 67; 3 id. 2182.)

GRAY, J.    In order that plaintiff's right to the possession
of the premises in question and to the relief he demands shall
appear well founded in law, his complaint must disclose, on
its face, such a state of facts as that their admission by the
defendant's demurrer would leave but the legal conclusion to
be drawn in his favor.    For some undisclosed reason, the case
below was treated and disposed of as though by the demurrer
the allegations of the complaint, as to the legal conclusion of a
title and interest in the plaintiff, were substantially admitted,
and the testamentary devise, which lies at the foundation of
plaintiff's claim of title, apparently went without interpreta-
tion, or consideration.    To the defendant's contention here,
that the heirs at law of testator have taken no title under the

devise in question, the plaintiff replies that they are precluded from occupying that position, inasmuch as "all the allegations of the complaint are admitted by the demurrer." Of course, there is nothing in such a reply, for by the demurrer no admission is made save as to such relevant facts as were well pleaded. There could be no admission by that pleading of any legal conclusions, or of any interpretation placed by the plaintiff upon the devise.

The question, therefore, presents itself as to what was the effect of the devise upon the title to the real estate of which the testator died seized.

The devise is stated at length in the complaint, in the following words:

"*Third.* I hereby devise and convey all my undivided one-half interest in the lot of land and appurtenances situate on the corner of Fifty-fourth street and Seventh avenue in the city of New York now owned by me and my brother Peter Masterson jointly in trust to my said executor to collect the rents, issues and profits of the same and pay over six hundred dollars thereof to my wife so long as she remains unmarried, and the balance of said rents and profits my executors shall pay to my said brother, Peter Masterson, but if, in the discretion of my said brother and my said executor, it should be deemed advisable to sell said real estate, then my said executor is hereby authorized to unite in a sale of said premises, and is hereby empowered to execute all needful conveyances for that purpose, and from the proceeds of such sale pay to my wife the sum of six hundred dollars annually as long as she remains unmarried, and upon her marriage, or death before marriage, then all of said proceeds are to be paid to my brother, Peter Masterson."

As the widow has remarried, the argument of the plaintiff is that the trust created by the will thereupon ceased, and that there was no testamentary disposition made of this estate after the happening of that event. He claims, therefore, that it has reverted to the heirs of the testator, of whom he is one. In that view we are unable to agree with him.

This is a plain case of a devise by implication, whereby, upon the death of testator, his brother Peter became vested with the title to the real estate, subject, only, to the trust provision made for testator's widow. However incomplete the language to express the purpose of the testator, an intention and an understanding on his part are evident that his brother Peter should take, as devisee, the property which was the subject of disposition in that clause. What the testator has imperfectly done, by way of expression, is effectuated by the application of well-known legal rules. In the construction of a testamentary disposition, where the language is unskillful, or inaccurate, but the intent can be clearly collected from the writing, it is the duty of the court to give effect to that intent, subject only to the proviso that no rule of law is thereby violated. (1 R. S. 748, § 2; *Purdy* v. *Hayt*, 92 N. Y. 454.) Courts have, from an early day, repeatedly upheld devises by implication, where no gift of the premises seems to have been made in the will, in formal language. (*Goodright* v. *Hoskins*, 9 East. 306; *Jackson* v. *Billinger*, 18 Johns. 368; *Matter of Vowers*, 113 N. Y. 569.)

They are justified in so doing whenever such a construction expresses what the testator manifestly intended to express. The presumption here of a devise to Peter by implication is so well founded, as to make it one which is free from doubt in the mind. The facts, which are disclosed to us, combine to raise it. There is the gift of all of the rents and the profits of the land to the testator's brother, after the widow's annuity is paid. There is a gift to the brother of all the proceeds of a sale of the property, beyond what is required for the payment of the widow's annuity. Though testator left other brothers and sisters, there is no mention made of them. There is the further significant circumstance that some power over the disposition by sale of the land is given to Peter. It is true that it is an authority only to advise, or to consent in the execution of the power of sale by the executor; but when we consider that fact, in connection with the fact that a sale would result in vesting in him the proceeds beyond any cavil and

doubt, an inference arises, and one which seems irresistible to my mind, that the testator supposed it of no consequence to his brother's interests, whether the estate remained intact, or was converted into money. The case is one where the presumption is independent of conjecture. It rises beyond a mere surmise, for it is based on circumstances, which leave no hesitation in the mind of the court as to what was the testator's purpose. The formal words of a devise to Peter may be absent, but it is perfectly clear that it was the intention to devise the land, and that would be consistent with the expressed gift of the proceeds of a sale. The rule of construction being satisfied by the presence of the elements establishing a presumption, the courts must read into the clause a devise of the land to the brother, subject to the trust provision for the widow. The power of sale does not affect the question of Peter's rights, other than to emphasize them. In the event of its execution, the testator gives to Peter all of the proceeds of the sale, not required to pay to his wife $600 annually during her life or widowhood. Nothing could more strongly evidence a condition of mind, in which the testator believed his brother Peter would receive all of the estate, subject to the widow's provision, and whether it remained in the shape of realty, or was converted into money, than does this language of the clause.

The judgments recovered by the plaintiff should be reversed and a judgment entered dismissing his complaint, with costs

All concur.

Judgment accordingly.