# In the Matter of the Estate of CAMILLO CIPOLLA, Deceased.

Surrogate's Court, Kings County, December 17, 1937.

*Frank L. Ippolito,* for Giovanna Cipolla and Sarah Cipolla, as executrices, etc., petitioners, accountants.

*James A. Beha,* for Frank Cipolla and Teresa Mogavero, children and residuary legatees, and for Provendenza Mogavero, grandchild, contingent residuary legatee.

*William Man Parkhurst,* special guardian for infant contingent residuary legatees.

WINGATE, S. By stipulation filed herein, the sole questions presently before the court for determination relate to the construction, validity and effect of certain of the subdivisions of paragraph 3 of the will now under consideration in so far as they affect the real property of which the decedent died seized within the county of Kings. At the outset it is to be noted that, whereas the testator has expressly disposed of the proceeds of the sale of this real property in the event that a sale thereof should be accomplished, he has, nevertheless, made no express devise of the real property itself upon the termination of the intervening life estates. " In the construction of a testamentary disposition, where the language is unskillful, or inaccurate, but the intent can be clearly collected from the writing, it is the duty of the court to give effect to that intent, subject only to the proviso that no rule of law is thereby violated. (1 R. S. 748, § 2; *Purdy* v. *Hayt,* 92 N. Y. 454.) Courts have, from an early day, repeatedly upheld devises by implication, where no gift of the premises seemed to have been made in the will, in formal language. (*Goodright* v. *Hoskins,* 9 East, 306; *Jackson* v. *Billinger,* 18 Johns. 368; *Matter of Vowers,* 113 N. Y. 569.) " (*Masterson* v. *Townshend,* 123 N. Y. 458, 462.) In the opinion of the court, it was the intention of the testator

that the remainder of this real property should ultimately be divided among these remaindermen designated in subdivision (e) of paragraph 3, whether at the time of division it retained the character of real property or had been converted into money. There was a devise by implication. (*Masterson* v. *Townshend, supra.*)

A general or unqualified gift of income is effective as a conveyance of the corpus upon which such income is earned only when no other testamentary disposition is made of the corpus. As there is, in this case, a devise of the remainder of the real property, the widow receives a life estate only. (*Locke* v. *Farmers' Loan & Trust Co.*, 140 N. Y. 135; *Hatch* v. *Bassett*, 52 id. 359; *Matter of Sackett*, 201 App. Div. 58; *Matter of Goldmark*, 186 id. 447; *Matter of Ingersoll*, 95 id. 211; *Matter of Loomis*, 154 Misc. 549.)

These incidental questions having been thus resolved, the general features of the testamentary plan may now be considered. They are, in brief, to provide a life estate for testator's widow and, upon her decease, to subject the property to further life estates for the benefit of five designated children of the testator. These latter life estates are to run concurrently and are determinable upon the marriage of the five life tenants. The property is meanwhile charged with the payment of five general legacies, each in the sum of $1,400, which legacies are declared to be payable upon the marriage of the respective life beneficiaries, or as soon thereafter as practicable. The testator then directs that " after each of my five said children has received his or her share, the said $1,400, the net residue and remainder of the sale of the said property is to be divided equally among all ten of my children or their heirs, in the event of his or her death."

The first problem is to determine whether these provisions or any of them unduly suspend the absolute power of alienation of the premises in question. " The rule is well settled in this State that a remainder is not to be considered as contingent in any case where, consistently with the intention of the testator, it may be construed as being vested." (*Hersee* v. *Simpson*, 154 N. Y. 496, 500.) Mindful of this injunction, the court is, nevertheless, constrained, in view of those considerations hereinafter to be discussed, to a holding that the remainders thus declared are contingent. The language of their creation is consistently and clearly indicative of an intention on the part of the testator that futurity be annexed to the substance of the gift. In the first place, the disposition of the remainder is not accomplished by words of present gift, the sole direction being that, upon the termination of the life estate and satisfaction of the charges against the property, the remainder

" is to be divided " as specified. " Where the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate; contingent and not vested." (*Matter of Crane*, 164 N. Y. 71; *Matter of Baer*, 147 id. 348, 354; *Delafield* v. *Shipman*, 103 id. 464; *Delaney* v. *McCormack*, 88 id. 174, 183.) Further controlling authority is found in the well-established principle that, where a remainder is devised with a limitation over in the event of the death of the first named devisee, the words " in the event of the death " refer to a death at any time prior to that of the holder of the intervening life estate, and upon the happening of such event effect a substitutional gift. Vesting of the remainder is consequently postponed until the expiration of the intervening estate or estates. (*Marsh* v. *Consumers Park Brewing Co.*, 220 N. Y. 205, and cases cited.) (See, also, *Lyons* v. *Ostrander*, 167 N. Y. 135; *Matter of Gates*, 239 App. Div. 666.)

Inasmuch as the identity of the remaindermen in the present case cannot be ascertained until the termination of the intervening life estates, and since such remaindermen may include one or more persons not in being at the time of the testator's death, the expressed testamentary plan of disposition does involve a suspension of the absolute power of alienation of the property in question, which suspension is continued pending the termination of the intervening estates. (Real Prop. Law, § 42.) The next question is whether such suspension transcends the authorized statutory bounds. The precedent life estates in the present case will not expire until each of the five specified children of the testator shall have received his or her general legacy. This may not be accomplished, according to the provision of the will, until all of them shall have married. Should two of these children die unmarried there would inevitably result a postponement of the vesting of the remainders and a consequent suspension of the absolute power of alienation which would exceed the prescribed limits of authority. This illegality cannot be obviated by any severance into separate life estates, each to be measured by the marriage or sooner decease of the respective life tenants, for there is no express testamentary direction for such severance nor can such be implied from any circumstance before the court. The remainders cannot vest until *each* of the five named children shall have received his general legacy. In order to render a testamentary future contingent estate valid and to avoid an unlawful suspension of the absolute power of alienation, such estate must be so limited that in every possible contingency it will vest not later than at the expiration of two lives in being at the time of the death of the testator (subject to a single exception not pertinent here). (*Matter of Perkins*, 245

N. Y. 478; *Matter of Horner*, 237 id. 489, 493; *Matter of Hitchcock*, 222 id. 57, 71, to cite but a few of the numberless authorities.) Such vesting has not been accomplished. The secondary life estates for the five named children of the testator are invalid.

The primary life estate for the benefit of the widow is valid. The secondary life estates given to the five named children of the testator are invalid and must be excised. The effect of this excision upon the gifts in remainder must now be considered. The doctrine of the acceleration of remainders is applicable only in the case of those remainders which are indefeasibly vested. Since the present gifts in remainder are not so vested they must fall together with the invalid life estates. (*Matter of Durand*, 250 N. Y. 45; *Matter of Horner*, 237 id. 489; *Matter of Silsby*, 229 id. 396.) Although the testator refers in his will to a residuary estate (¶ 3, subd. b) no disposition thereof is declared. The remainder of the real property of the testator located in Kings county passes as in intestacy. As to the one-third interest therein to which the widow is entitled, subject to the charge of the general legacies, there is a present merger.

The general legacies of $1,400 are valid and constitute a charge upon the real property of which the testator died seized in the county of Kings. As the condition upon which each of these gifts is predicated must be fulfilled if at all not later than the expiration of a single life, the objection that they occasion an unlawful suspension of the absolute power of alienation or of absolute ownership is untenable.

The power to mortgage this real property which has been granted to the executrices herein is expressly made conditional, one of the conditions to its valid execution being the consent of the five unmarried children of the testator. This is a valid requirement to its exercise, and may not be disregarded. The validity of this power is not dependent upon the validity of the expressed trust.

Proceed accordingly.