In the Matter of the Application of MAY H. GORMAN for a Determination as to the Construction or Effect of the Disposition of Property Contained in the Last Will and Testament of MORRIS HALPERIN, Deceased.

MAY H. GORMAN, Petitioner, Appellant; LILLIAN SWEET, ARTHUR HALPERIN, DAVID M. WOLFF, as Special Guardian for ZELDA HALPERIN, an Infant, etc., and NOAH CHERTOFF and AWID WECHSLER, as Executors and Trustees, etc., of MORRIS HALPERIN, Deceased, Respondents.

Second Department, November 3, 1941.

*Bertram Flicher*, for the appellant.

*Leon Finkelstein*, for the respondents Lillian Sweet and Arthur Halperin.

*David M. Wolff*, special guardian, for the respondent Zelda Halperin, an infant.

PER CURIAM. Proceeding in the Surrogate's Court of Queens County for the construction of the last will and testament of Morris Halperin, deceased.

The fourth paragraph of the will created a trust estate of which the decedent's widow was the beneficiary during her lifetime to the extent of fifteen dollars a week and the balance, if any, during that lifetime passed to decedent's children, the three residuary legatees. No provision was made in this paragraph for the disposition of the corpus or principal of the trust estate. It accordingly fell into the residuary estate, which, under the seventh paragraph, passes to the selfsame three children whose interests the appellant possesses directly or by assignment.

The alternative provision set out in the fifth paragraph, in the event that a liquidation of the stock was had, never took effect. No such liquidation occurred during the life of the decedent's widow. The provisions of the sixth paragraph providing for a disposition of the " total residue of the trust fund " have application only in the event that the fifth paragraph of the will became operative. The language in the sixth paragraph is appropriate only to a situation arising in the event that the fifth paragraph takes effect. It is only on such a view that the reference to a " residue " of a " trust fund " is intelligible.

The only trust fund mentioned in the will is that contained in the fifth paragraph. The dispositions of property contained in the fourth paragraph relate not to a trust fund but to a trust estate. If the language in the sixth paragraph had followed the fourth

paragraph it might be possible to adopt the respondents' view that such language constituted a disposition of the principal of the trust estate set out in the fourth paragraph, despite the inept language. But the position in the will of the language of the sixth paragraph following as it does the fifth paragraph, with the last sentence in the fifth paragraph virtually incorporating the language in the sixth paragraph into the fifth paragraph, to which it is particularly appropriate, repels acceptance of the respondents' contention that the sixth paragraph had reference to the fourth paragraph as well as to the fifth. The corpus or principal of the trust estate created by the fourth paragraph became part of the remainder of the estate and as such passed to appellant under the seventh paragraph.

The testator has made a distinction, based on its form, as to whom the corpus of the trust estate was to devolve. He expressed no reason therefor, but a reason is discernible. In liquidated form it could readily be subdivided, without effect on control or administrative convenience, as between his children and his grandchildren, but confining its devolution in its original stock form to his three adult children insured against impairment of control or administrative convenience such as would result from the greater subdividing for which he provided if the corporation were liquidated.

The decree should be reversed on the law, with costs to appellant, payable out of the estate, and the matter remitted to the Surrogate's Court with a direction to enter a decree in favor of the appellant, May H. Gorman, residuary legatee and assignee of the other two residuary legatees.

CARSWELL, TAYLOR and CLOSE, JJ., concur; LAZANSKY, P. J., and HAGARTY, J., dissent and vote to affirm the decree, each in a separate opinion.

LAZANSKY, P. J. (dissenting). In my opinion, testator, by paragraphs fifth and sixth, intended to dispose of the proceeds of the shares of the capital stock of the Zelmo Realty Corporation if the corporation were liquidated, and, in view of that, by fair implication intended, after the death of his wife, that the shares of stock, if there were no liquidation, should go to those mentioned in paragraph sixth. (*Masterson* v. *Townshend,* 123 N. Y. 458.) To reach that conclusion it is necessary to construe the word " surplus " in the fifth paragraph to mean " surplus of the sum realized on the liquidation of the stock above the sum of $15,000." That the testator intended to mean that, and not the surplus of the income on $15,000 over fifteen dollars a week, is indicated by the following:

(1) In paragraph fourth, referring to income over fifteen dollars a week to the wife, the testator says, " the surplus of dividends;" in paragraph fifth the word " surplus " alone is used.

(2) If the word " surplus " in paragraph fifth did not mean " surplus of capital " and did mean " surplus of income," then the surplus of capital over $15,000 would be unmentioned and undisposed of. A gift by direct disposition is preferred to one through a residuary clause.

(3) In paragraph fourth the " surplus of dividends " was to be divided among the three children with payments either monthly or quarter-annually according to the convenience of the trustees. In paragraph fifth the " surplus " is to be distributed to children and grandchildren in the proportions provided in the sixth paragraph, but nothing is said about monthly or quarter-annual payments.

(4) Unless the testator had unwarranted extravagant views on the income to be derived from $15,000, which is hardly likely, as he gave his wife fifteen dollars a week, it is exceedingly doubtful that he expected any surplus of income over $780 per year and, as any surplus of income would be very small, it is hardly likely that he had in mind to divide it among seven people — one-twelfth to two of them.

Assuming " the total residue of the trust fund " mentioned in paragraph sixth is the $15,000 after liquidation, then there will have been by paragraphs fifth and sixth a complete disposition of the proceeds of the stock, if liquidated, indicating, as stated, an intention to dispose of the stock in the same way, if there were no liquidation.

My vote is for affirmance of the decree.

HAGARTY, J. (dissenting). I dissent and vote to affirm the decree.

In the fourth paragraph of the will testator created a trust fund of his shares of stock of the Zelmo Realty Corporation. Out of the dividends therefrom he directed his trustees to pay to his wife Rose a net income of fifteen dollars a week, and to pay the surplus of dividends, if any, to his three children. The sixth paragraph provides that upon the death of Rose " the total residue of the trust fund " shall be divided and paid in designated proportions to beneficiaries inclusive of grandchildren, as well as the three children. When these two paragraphs are read together, it is clear that by express language the grandchildren share in the residue of the trust fund and that the subsequent general residuary clause is inoperative as to that fund. The term " residue " in relation to the trust fund means all that was left of it and it was unnecessary for the testator to use the word " corpus " or an equivalent expression with respect to the trust fund to reinforce his intent. The intervening or fifth paragraph provides for and

was to take effect only upon the happening of a certain contingency, namely, the liquidation of the stock during the lifetime of the wife, Rose. If that event occurred, the fifth paragraph provides that $15,000 should be held by the trustees out of which to pay Rose the sum of fifteen dollars a week for life. The fifth paragraph further provides that " The surplus, if any, after the payment of necessary expenses shall be distributed to my children and grandchildren in the proportions as provided in the next and sixth paragraph." Had the occasion required, the meaning of the testator as expressed in this quoted provision would be subject to construction as to whether the surplus referred to was of the $15,000 fund after payments therefrom to his wife, or of the excess, if any, over and above $15,000 derived from the sale of the stock. The reference to division of such " surplus " in accordance with the provisions of the sixth paragraph does not render that paragraph inoperative unless liquidation in fact took place and such a surplus resulted. It simply means that the distribution of " the total residue of the trust fund " was also to apply in the event of the occurrence of the contingency comprehended in the fifth paragraph. Therefore, the distribution of the unliquidated corpus is governed by the provisions of the sixth paragraph.

Decree of the Surrogate's Court, Queens County, reversed on the law, with costs to appellant, payable out of the estate, and the matter remitted to the Surrogate's Court to enter a decree in favor of the appellant, May H. Gorman, residuary legatee and assignee of the two other residuary legatees.