Heffernan, J.
This is an appeal from a decree of the Surrogate’s Court of Fulton County construing the last will and testament of Clara Birdsell, deceased, in favor of respondent, Kingsboro Avenue Presbyterian Church of Gloversville, New York, and adversely to the interest of appellant, Julia Wells.
In 1942, testatrix and her sister Amelia, both spinsters, aged sixty-nine and seventy respectively, were living together in Gloversville, in a home owned by them as tenants in common. Amelia was incompetent and testatrix had been suffering from an arthritic condition for many years as a result of which she was confined to her bed and a chair. These women were helpless and required constant care and attention.
In April 1942, testatrix employed appellant as housekeeper and domestic nurse to care for herself and her sister.
On January 27, 1943, testatrix and appellant entered into a written contract by the terms of which appellant agreed to perform the household duties and furnish necessary care for the sisters for $18 per week. The agreement expressly recognized that the weekly wage was inadequate compensation for the services which appellant was required to render and so testatrix agreed to devise her interest in the real property owned by the sisters to appellant on condition that she should remain in the employ of testatrix during the latter’s life.
The contract also provided that if appellant became unable to perform, or if testatrix terminated it, then appellant was to receive an additional sum of $10 a week from the date of the instrument until its termination.
The agreement contained a further provision to the effect that if Amelia should survive testatrix the latter would bequeath all her estate to appellant, in trust, for the purpose of devoting the same to the care and maintenance of Amelia.
On the day the contract was executed testatrix made her will. In the first paragraph of that document she directed the payment of her debts.
In the second paragraph she confirmed her contract with appellant and devised to her the interest which she had in the *93 home together with the furniture therein on condition however that appellant was in her employ at her decease.
The last paragraph nominated an executor.
The fourth and fifth paragraphs which are here for construction read as follows:
‘ ‘ Fourth : If my' sister, Amelia Birdsell, survives me, I give devise and bequeath all the rest, residue and remainder of my property, both real and personal, to Julia Wells, in trust nevertheless, for the following uses and purposes; to invest and re-invest the same and to devote the income therefrom and any part of the principal that may be necessary to the proper, fitting and comfortable maintenance, support and care of my sister, Amelia Birdsell, and to furnish my said sister with a suitable burial upon her death and, upon the death of Amelia Birdsell and provided the said Julia Wells shall have properly, suitably and comfortably maintained, supported and cared for said Amelia Birdsell, I give, devise and bequeath any remaining portion of said trust fund to said Julia Wells.
“ Fifth: If my sister, Amelia Birdsell, does not survive me or, if the said Julia Wells shall not be in my employ at the time of my death, or having been in my employ at the time of my death, fails to properly, suitably and comfortably maintain, support and care for my said sister, Amelia Birdsell, I give, devise and bequeath all the rest, residue and remainder of my property to the Kingsboro Avenue Presbyterian Church, of Gioversville, New York.”
Amelia died intestate on February 5, 1943, and testatrix on August 8th following. Upon Amelia’s death testatrix inherited her estate.
It is conceded that appellant satisfactorily performed her part of the contract until the death of both sisters and that she continued in the employ of testatrix until her demise.
Once again we are confronted with the age-old problem of ascertaining a testamentary intention. The intention which controls in the construction of a will is that which is manifested, either expressly or by necessary implication, from the language of the will. That intent must be gathered from the four corners of the instrument; that is to say from the whole will — the whole frame of the will; the whole scheme of the testatrix manifested by the will, taking into consideration and giving due weight to every word in the will.
When the testatrix’ intention is manifest from the context of the will and surrounding circumstances but is endangered *94 and obscured, as in the case before us, by inept and inaccurate modes of expression, the court, to effectuate the intention, may change or mold the language. (Dreyer v. Reisman, 202 N. Y. 476; Eidt v. Eidt, 203 N. Y. 325; Matter of Gallien, 247 N. Y. 195; Matter of Jackson, 258 N. Y. 281.)
In order to carry out the testatrix’ intention as apparent from the whole will, the words “ and ” and “ or ” may be substituted for each other, either by reading “ or ” as “ and ” or by reading “ and ” as “ or (Roe v. Vingut, 117 N. Y. 204; 69 C. J., Wills, § 1145; 28 R. C. L., Wills, § 188; 1 Davids on New York Law of Wills, § 463.)
Ip the construction proceeding before the Surrogate both appellant and respondent claimed title to the residuary estate. The Surrogate determined that paragraph “ Fourth ” of the will never became operative because of the death of Amelia prior to that of testatrix. He also decided that respondent under paragraph “ Fifth ’’ became entitled to the entire residuary estate. His opinion discloses that he reached his final conclusion on the theory that respondent became the beneficiary of the estate upon the happening of any one of the three contingencies contained in that paragraph of the will. He emphasizes the fact that each of the clauses is connected with the conjunction “ or ” instead of “ and ” and hence must be construed in the alternative.' The opinion then concludes: “ One contingency did happen, namely, that of the prior death of Amelia, and that was sufficient to vest title to the residuary estate in the Kingsboro Avenue Presbyterian Church.”
What was the intention of testatrix? Obviously if she intended that the nonsurvival of Amelia should vest the residuary estate in respondent then the reference to the other two contingencies is wholly irrelevant and inexplicable. To adopt the reasoning of the Surrogate we must say that the language used in the other two contingencies is meaningless. We are required to reject any interpretation which gives effect only to some of the words used by testatrix. We are bound to assume that each and every word in the paragraph in question was written for a purpose and it is our duty to adopt such an interpretation as will give effect to the whole writing and not merely to a single phrase.
While we may not rewrite wills it is a legitimate 'judicial function to correct inaccuracies of expression and if the lánguage of the propounded instrument discloses a general scheme or dominant purpose the words used may be modified or adjusted to give effect thereto.
*95 Unquestionably the dominant purpose of testatrix was to reward appellant by the gift to her of the residue of the estate provided appellant was in her employ at her decease and had faithfully performed her contract in caring for these two helpless women.
Two contingencies' had to concur before respondent could become the beneficiary of the residuary estate: (1) the non-survival of Amelia, which occurred; (2) the nonemployment of appellant at the time of the death of testatrix, or, if employed by testatrix, her failure to properly support and care for Amelia. It is admitted that neither of these contingencies eventuated. Appellant was in the employ of testatrix and had faithfully performed her part of the contract and hence the gift to respondent never became effective.
Paragraph “ Fifth ” should be rewritten to read: “ If my sister, Amelia Birdsell, does not survive me, and, if the said Julia Wells shall not be in my employ at the time of my death, or having been in my employ at the time of my death, fails to properly, suitably and comfortably maintain, support and care for my said sister, Amelia Birdsell, I give, devise and bequeath all the rest, residue and remainder of my property to the Kingsboro Avenue Presbyterian Church of G-loversville, New York.”
It is argued by respondent that if the will be thus construed it necessarily follows that testatrix died intestate as to such residuary. We think no such conclusion is warranted.
Where one has made a will the law indulges a presumption that the testator intended to dispose of his entire estate and did not intend intestacy as to any part of it. In the construction of doubtful clauses in a will, that interpretation is to be adopted, if possible, which avoids a partial intestacy, unless it clearly appears that the testator intended to die intestate as to part of his property.
The presumption against an intestacy is particularly strong where the subject of the gift is the residuary estate. (Matter of Hayes, 263 N. Y. 219; 28 R. C. L., Wills, § 189; 1 Davids on New York Law of Wills, § 497; 69 C. J., Wills, § 1147.) In his opinion in the Hayes case Judge Hubbs has cited the leading authorities on the subject. In that opinion (p. 225) he also quotes the following very forceful language from Bedfield on Wills (Yol. 2, 3d ed., p. 235): “ The idea of any one deliberately purposing to die testate as to a portion of his estate, and intestate as to another portion, is so unusual, in the history ot testamentary dispositions, as to justify almost any construction to escape from it.”
*96 After a careful consideration of the whole will we are fully convinced tliat testatrix intended to make a bequest of the residuary estate to appellant and that the instrument contains a valid gift thereof to her by implication.
Courts and text writers are in complete accord on the proposition that there may be a gift by implication. Explicit words of gift are not necessary to the existence of a testamentary disposition of property. It has long been recognized that a bequest or devise may be made by mere implication. (Masterson v. Townshend, 123 N. Y. 458; Matter of Moore, 152 N. Y. 602; Mee v. Gordon, 187 N. Y. 400; Close v. Farmers’ L. & T. Co., 195 N. Y. 92; Matter of Hoffman, 201 N. Y. 247; Bishop v. Bishop, 257 N. Y. 40; Matter of Selner, 261 App. Div. 618, affd. 287 N. Y. 664; 2 Davids on New York Law of Wills, § 739; 28 E. C. L., Wills, § 171; 69 C. J., Wills, § 1123.)
In Masterson v. Townshend (supra) the Court of Appeals said: “ Courts have, from an early day, repeatedly upheld devises by implication, where no gift of the premises seems to have been made in the will, in formal language. (Goodright v. Hoskins, 9 East. 306; Jackson v. Billinger, 18 Johns. 368; Matter of Vowers, 113 N. Y. 569.)
“ They are justified in so doing whenever such a construction expresses what the testator manifestly intended to express.”
Again in Matter of Hoffman (supra), the court said: “ While a gift of the principal of the trust to children of a beneficiary is not expressed, it arises by implication. The testator, though apparently making no provision for the contingency of issue, as by a gift in words to such, nevertheless, only gives the remainder to others in the case of a beneficiary’s death without issue. No remainderman could take except in that event. He will be deemed, therefore, to have intended the trust fund to go, primarily, to the children, if any there should be. - They would take an estate by implication.”
Matter of Selner (supra), seems to be decisive of the question before us. In that case the will contained four paragraphs. The first paragraph directed the payment of debts and made a nominal bequest to each of testator’s three sons. The second paragraph bequeathed the residue of the estate to the three sons, in trust, with a direction that testator’s wife should receive the income during her life. The third paragraph provided that in the event his wife predeceased him he bequeathed and devised the residue and remainder of his estate as “ referred to in the second provision of this Will ” *97 to his three sons, share and share alike. The fourth paragraph nominated executors and trustees. The testator was survived by his wife and three sons. In a proceeding to construe the will the Surrogate held that testator died intestate as to the corpus of the residuary estate. The Appellate Division reversed the Surrogate’s decree and held that testator by implication bequeathed to his three sons the corpus. Mr. Justice Caeswell, who wrote for the court, said inter alia:
“ The second paragraph is concerned with the contingency of the testator predeceasing his wife. A reading of it, without reference to the other provisions in the will, discloses no bequest or devise of the corpus of the remainder of the estate.
“ The third paragraph is concerned with the contingency of the wife predeceasing the testator. It pointedly refers to the residue of the estate as the property ‘ referred to in the second provision of this Will.’ It contains an express bequest and devise of the residue and remainder of the estate to the three sons.
“ * * * When a will does not contain a mention of particular property, or of an estate, or an express bequest or devise of such property or estate, in one contingency, then such property or estate may not be, in another contingency, the subject of a bequest or devise by implication through the medium of a construction of the testament. Especially so if disinherison would result and there is no express language indicating an intent to disinherit. If, however, the property or estate claimed to be bequeathed or devised by implication, in a contingency which has occurred, has been made the subject of an express bequest or devise in another contingency, which did not occur, then effect may be given to such bequest or devise by implication, in the contingency which did occur, if a reading of the entire will makes manifest that such was the intention of the testator. When courts have refused to sustain a bequest or devise by implication, the will did not mention the property or estate, or did not direct in any specified contingency any disposition of it, and thus it did not furnish a basis in language, of the testator from which to imply such an intent.”
In the case before us there is an express bequest in the fourth paragraph of the will of the residue of the estate to. appellant in a contingency which did not occur; namely, the survival of Amelia. Under those circumstances it is our plain, duty to give effect to such bequest by implication to appellant; in the contingency which occurred as provided in the fifth para.graph.
*98 The decision of the Surrogate not only defeats the plain purpose of testatrix but is unwarranted and should be reversed. The entire testamentary scheme of testatrix is in harmony with our construction.
The decree appealed from should be reversed on the law and facts, with costs to appellant payable out of the estate, insofar as it holds that respondent is entitled to the residuary estate of testatrix and the matter is remitted to the Surrogate’s Court to enter a decree that testatrix, by implication, bequeathed to appellant the entire residuary estate.
The court also finds that it was the intention of testatrix, if her sister predeceased her, to bequeath her entire residuary estate to appellant providing the latter was in her employ at the time of her death and had properly cared for the deceased sister. The court finds that appellant fully complied with the conditions imposed and is, therefore, entitled to the residuary estate.
The court also finds conclusions of fact Nos. 6 and 12 contained in appellant’s proposed findings of fact submitted to the court below.
The court makes the conclusions of law Nos. 1 and 2 contained in the proposed requests submitted by appellant to the court below.
The court hereby reverses and annuls all inconsistent provisions in the decree.
Brewster, Poster and Lawrence, JJ., concur; Hill, P. J., dissents.
Ordered accordingly.