In the Matter of the Construction of the Will of HARRY KLAUBER, Deceased.

Surrogate's Court, Richmond County, July 11, 1951.

*Kopf, Rosenbluth & Wolen* for Bertha H. Klauber and others, as executors of Julius Klauber, deceased, substituted petitioner.

*Fetherstone & Smith* for Helen A. Watkins, as executrix of Harry Klauber, deceased, opposed.

*James L. Robinson* for Louise De Rossi and another.

BOYLAN, S. This is a construction proceeding commenced by a brother of the decedent. Since the commencement of the proceeding he has died and his legal representatives have been substituted in his place.

The petition requests a construction of the following paragraph: "Thirdly, I hereby direct that all property known as 340 Lighthouse Ave., and 336 Lighthouse Ave., Richmond, S.I., N. Y. including all buildings, residence, museum, library, garages, shops, outbuildings, gardens and adjoining city lots be

made and preserved into a Memorial for my late beloved wife, Jacques Marchais Klauber, and that the sum of $25,000. be set aside out of the remainder of my estate for the perpetual care of this Memorial, which is to be known as, Jacques Marchais Center of Tibetan Arts.''

The petitioner contends that this paragraph is void as an abortive attempt to set up a memorial for the decedent's wife who predeceased him. Petitioner further maintains that it is indefinite to such degree as to invalidate the entire paragraph and prevent the use of cy pres doctrine and that no intent can be ascribed to the decedent to create either a charitable or educational bequest.

There is one cardinal principle of testamentary construction to which all others are subordinate, namely, '' that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail (*Robinson* v. *Martin,* 200 N. Y. 159, 164; *Mullarky* v. *Sullivan* [136 N. Y. 227], 230, 232),'' unless contrary to public policy or an established rule of law. (*Matter of Buechner,* 226 N. Y. 440, 444; *Close* v. *Farmers' Loan & Trust Co.,* 195 N. Y. 92, 100; *Hartnett* v. *Wandell,* 60 N. Y. 346, 349; *Matter of Walsh,* 147 Misc. 281; *Lasher* v. *Lasher,* 13 Barb. 106.)

Where two or more constructions are reasonably possible, that construction which will sustain the validity of the will is to be preferred to one which will defeat it; for it will be presumed that the testator intended a legal and valid disposition of his property (*Matter of Gallien,* 247 N. Y. 195, 200; *Roe* v. *Vingut,* 117 N. Y. 204, 212; *Phillips* v. *Davies,* 92 N. Y. 199; *Greene* v. *Greene,* 125 N. Y. 506, 512).

If two interpretations of a will or of a specified portion thereof are possible, that interpretation is to be preferred which will avoid either a total or partial intestacy. '' There is a struggle always to avoid intestacy '' (*Waterman* v. *New York Life Ins. & Trust Co.,* 237 N. Y. 293, 300). If, however, the intent of the testator is clear and manifest it must control regardless of all rules or canons of construction. (*Cammann* v. *Bailey,* 210 N. Y. 19, 30.)

Harry Klauber, the testator herein, and Jacques Marchais Klauber were husband and wife and were residents of Staten Island since 1921. Jacques Marchais Klauber died testate on February 15, 1948, and her last will and testament was admitted to probate by this court. At the time of her death she was the owner of valuable real estate generally described as 340 Light-

house Avenue, Richmond, Staten Island, New York, with the buildings and improvements thereon, and was also the owner of a valuable collection of Tibetan and other oriental art objects. The said real estate and art collection constituted the principal items of her residuary estate which she devised and bequeathed to her husband, Harry Klauber. He was deeply interested in the activities of his wife, co-operated with her in every respect and furnished her with financial aid and support in the acquisition of real estate and art objects throughout their married life. For a period of upwards of twenty years they engaged in constructing a replica of a Tibetan structure on the property owned by Jacques Marchais Klauber at 340 Lighthouse Avenue, Staten Island, consisting of a library, office and museum, which they built, landscaped and arranged on the side of a hill to conform with the architecture and setting of a Tibetan structure in the Himalaya Mountains. As part of this construction, various work shops were built and were designed and equipped to renovate and repair articles in the art collection and maintain the extensive grounds and buildings.

The structure and appurtenances were designed by Jacques Marchais Klauber. They were constructed by her and her husband as a museum, library and office to contain all of the art objects and collection of oriental culture of Mrs. Klauber and to conduct the administration and use thereof. Upon completion of that portion of the building constituting the library, Jacques Marchais Klauber and Harry Klauber, the testator herein, held a public dedication thereof on July 29, 1945, to which large numbers of people were invited and did attend. The printed announcement, with the approval of the testator, made the following statement: '' Jacques Marchais has been the designer and builder of the Library — and her husband (a ' Rock of Gibraltar ' for her to lean on) giving her the necessary encouragement when things looked darkest and most discouraging for her and her work. She plans to leave the structure and its contents to a State or City Museum (to be determined later), that will agree to carry out her policy and ambition to keep it strictly a research library on things Tibetan.''

On December 1, 1945, the testator and his wife, together with others, signed a certificate of incorporation pursuant to the membership corporation law of the State of New York for the purpose of incorporating The Jacques Marchais Center of Tibetan Arts, Incorporated, as a nonprofit corporation. Said certificate of incorporation contained, among other matters, the

following: " Second: The purposes for which this corporation is formed, are as follows: On a non-profit basis — (a) To foster, promote and encourage interest, study and research in the culture, literature and art of Tibet. (b) To gather and disseminate information concerning the history of Tibetan art. (c) To gather and preserve books, manuscripts, papers, relics, objects of art, and other such as may relate to Tibetan art. (d) To acquire by purchase, gift, devise, lease or otherwise, the title to, or the custody and control of property to be used in furtherance of the aforementioned purposes. Third: The place or territory in which its operations are principally to be conducted is the County of Richmond, City and State of New York."

On December 5, 1945, said certificate was duly approved by a Justice of the Supreme Court of the State of New York. On December 26, 1945, the University of the State of New York, pursuant to section 11 of article II of the Membership Corporations Law, gave its consent to the filing of such certificate as a membership corporation, and said certificate was filed in the Department of State of the State of New York on December 29, 1945. Said membership corporation is a functioning corporation and its certificate has been at all times and still is in full force and effect. From the date of the formation of the non-profit membership corporation, The Jacques Marchais Center of Tibetan Arts, Incorporated, and continuously to the date of their respective deaths, Jacques Marchais Klauber was president and director of said corporation and her husband, the testator herein, Harry Klauber, was treasurer and director thereof.

The museum was completed on September 27, 1947, and was publicly dedicated on that date. A large group of invited guests attended the formal dedication and the museum was given wide publicity in the local and metropolitan press and in magazine publications.

Subsequent to the death of Jacques Marchais Klauber on February 15, 1948, and prior to the date of his own death on September 29, 1948, the testator caused the entire Tibetan Art collection of his deceased wife to be transferred to and housed in the art museum, library and office constructed by him and his wife at 340 Lighthouse Avenue, Staten Island.

Between the date of death of his wife on February 15, 1948, and the execution of his will on March 3, 1948, Harry Klauber stated to Helen A. Watkins that he wished to establish a memorial " For Jacques " his deceased wife and intended to write

his own will and leave the real estate, museum, library and all other improvements thereon and the Tibetan art collection, all of which he had received from his deceased wife, for Jacques Marchais Center of Tibetan Arts as a memorial for his late beloved wife. He also stated that he intended to leave the sum of $25,000 in his will for the perpetual care of this memorial.

The testator was not an attorney. He prepared his own last will and testament, which does not contain a residuary clause.

In establishing the memorial in paragraph " Thirdly " of his will, the testator selected and designated the name of the memorial as " Jacques Marchais Center of Tibetan Arts ", which is the corporate name of the membership corporation with the exception of the omission of the word " The " preceding said name, and the word " Incorporated " following same.

Express words of gift are not always necessary to create a valid devise or bequest, but a devise or bequest to a certain person may arise by implication. To warrant the finding of a devise or bequest of an estate by implication, the devise or bequest, or estate, must be absolutely necessary to carry out the intention of the testator, and the implication must be so strong that an intention contrary to that imputed to the testator cannot be presumed to have existed in his mind (*Post* v. *Hover,* 33 N. Y. 593). The inference from the will of the testator's intention must be such as to leave no hesitation in the mind of the court and permit of no other reasonable inference. (*Brown* v. *Quintard,* 177 N. Y. 75.) " In the construction of a testamentary disposition, where the language is unskillful, or inaccurate, but the intent can be clearly collected from the writing, it is the duty of the court to give effect to that intent, subject only to the proviso that no rule of law is thereby violated. (1 R. S. 748, § 2; *Purdy* v. *Hayt,* 92 N. Y. 454.) Courts have, from an early day, repeatedly upheld devises by implication, where no gift of the premises seems to have been made in the will, in formal language." (*Masterson* v. *Townshend,* 123 N. Y. 458, 462.) As respects a devise by implication it was said in an early decision of the Court of Appeals: " To devise an estate by implication, there must be such a strong probability of an intention to give one, that the contrary cannot be supposed " (*Post* v. *Hover,* 33 N. Y. 593, 599, *supra*); and in a later case involving a bequest, the same court declared, " that to uphold a legacy by implication, the inference from the will of the intention must be such as to leave no hesitation in the mind of the court and to permit of no other reasonable inference." (*Bradhurst* v. *Field,* 135 N. Y. 564, 568.)

Considering the words used and the surrounding circumstances, the court holds that the testator intended to devise the real property known as 336, 340 Lighthouse Avenue, Staten Island, the museum, library and other improvements thereon, and to bequeath the Tibetan art collection, to The Jacques Marchais Center of Tibetan Arts, Incorporated, which corporation is to maintain the same as a memorial to his wife, Jacques Marchais Klauber, and that he intended to bequeath $25,000 to said corporation for the perpetual care of this memorial which is to be known as Jacques Marchais Center of Tibetan Arts.

In view of the holding herein it is unnecessary for the court to consider the application of the " cy pres doctrine ". Whether or not the decedent intended to create either a charitable or educational bequest is immaterial insofar as this construction proceeding is concerned.

Enter decree in accordance herewith.