S. Samuel DiPaloo, S.
The distributees of the testatrix were her husband and her daughter, both of whom survived her. *973 Article third of the testatrix’ will bequeathed furniture, jewelry, pictures, paintings, books, automobiles, clothing and other tangible personal property to her husband, with a substitutionary gift to her daughter in the event the husband should not survive the testatrix.
Article fourth of the will created a residuary trust with the trust income payable successively to the husband and the daughter and on their deaths the trust remainder payable to the issue of the daughter. This article contains no alternative disposition of the trust remainder in the event of the death of the daughter without issue.
The husband of the testatrix is now deceased. The surviving daughter is 51 years of age, unmarried and without issue. A construction of the will is requested as to the disposition to be made of the trust remainder in the event the daughter shall die without issue, which seems the probability. While the trust has not terminated, a construction of the will is required at this time in order to determine the tax liability of the husband’s estate.
Article fifth of the will reads: “ If my said husband and my said daughter have predeceased me or if my said husband, my daughter and I have died as the result of a common accident, I give, devise and bequeath all of my estate of every kind, real, personal and mixed and wheresoever situated, to the issue of my said daughter then living, per stirpes, if my said daughter has left issue. If my daughter has left no issue, I give, devise and bequeath all of my said estate to Columbia university, an educational corporation having its principal place of business in the 'City, County and iState of New York, for the use of the
DEPARTMENT OF SURGERY OF THE COLLEGE OF PHYSICIANS AND SURGEONS of said University, without restriction as to the use of said funds by the said Department of Surgery.”
The quoted article provides for the contingencies that (a) both income beneficiaries should predecease the testatrix, or (b) the testatrix, her husband and her daughter should meet death in a common accident. In either of such contingencies the testatrix desired her entire estate to pass to the issue of her daughter. The bequest to the issue is described as ‘ ‘ all of my estate of every kind, real, personal and mixed and wheresoever situated”, with the obvious purpose of including the preresiduary bequest of tangible personalty as well as the residuary assets. The second sentence of the article contains an alternative disposition in the event the daughter shall have left no issue and in this sentence the bequest to Columbia University is described as “ all of my said estate ”.
*974 It seems quite clear that article fifth was intended to cover only a situation in which neither the husband nor the daughter should survive the testatrix or at least survive for a sufficient time to enjoy an inheritance. Unfortunately the second sentence which provides the bequest to Columbia University cannot be read separate and apart from the text which precedes it. The bequest contained in that sentence describes neither a trust remainder nor residuary assets but encompasses all of the estate and the intention expressed is linked to the preceding disposition not only by juxtaposition but by this reference back to the earlier description of the intended bequest.
The text of the will should be construed to avoid an intestacy if the language of that instrument permits such a result (Matter of Hayes, 263 N. Y. 219). Here the testamentary plan makes it certain that this testatrix did not intend to deprive either her husband or her daughter of the estate assets in their lifetimes in order that, on their deaths, such assets should revert to their respective estates. Certainly the testatrix intended in stated circumstances to benefit Columbia University in the event neither her immediate family nor her descendants could enjoy her assets. While not at all controlling upon the construction problem, the fact is that the testatrix’ husband had a long association with the medical school of Columbia University and at his death was Professor of 'Surgery Emeritus at this school.
The purpose of the testatrix to benefit Columbia University in the event that her immediate family should not survive her strongly implies an intention to accomplish a like result at the termination of the trust. This forceful implication permits the court to effectuate the intention of the testatrix even in the absence of explicit language in the will (Matter of Selner, 261 App. Div. 618, affd. 287 N. Y. 664).
‘ ‘ The first rule of testamentary construction, of course, is that a will be interpreted to reflect the actual intention of the testator and the second that this intention be ascertained from a reading of the document as a whole. (See, e.g., Matter of Dammann, 12 N Y 2d 500, 504-605; Matter of Larkin, 9 N Y 2d 88, 91; Matter of Fabbri, 2 N Y 2d 236, 240; Williams v. Jones, 166 N. Y. 622, 532-533.) If a ‘ general scheme ’ be found, it is the duty of the courts to carry out the testator’s purpose, notwithstanding that 1 general rules of interpretation ’ might point to a different result. (Williams v. Jones, 166 N. Y. 522, 533, supra.)
“'Corollary to these broad principles is the doctrine that a court may ‘ give effect to an intention or purpose, indicated *975 by implication, where the express language of the entire will manifésts such an intention or purpose ’ and the testator has simply neglected to provide for the exact contingency which occurred. (Matter of Selner, 261 App. Div. 618, 620, affd. 287 N. Y. 664; see, also, Matter of Gulbenkian, 9 N Y 2d 363, 370; Close v. Farmers’ Loan & Trust Co., 195 N. Y. 92,100; Masterson v. Townshend, 123 N. Y. 458, 462.) ” (Matter of Thall, 18 N Y 2d 186, 192.)
Matter of Imperato (18 N Y 2d 825, revg. 24 A D 2d 598 and reinstating the determination in 44 Misc 2d 639) is not to the contrary. In that case a husband and wife with five children made a joint will pursuant to an agreement to leave all the property of each to the survivor. The joint will contained a substitutionary provision for the benefit of two of their children limited to the contingency that the spouses should die simultaneously. The will covered no other contingency. One spouse survived the other without making a new will and it was the application of the joint will to the latter’s estate that constituted, the issue in the case. It was held upon those facts that the will did not dispose of the estate of the survivor. The fact situation in the case at bar is quite distinguishable from the situation prevailing in Imperato (supra).
It is held that, in the event the testatrix’ daughter shall die without issue, the remainder of the residuary trust shall be payable to Columbia University to be devoted to the purposes stated in article fifth of the will.
The application for the appointment of a successor trustee is granted.
The fee of the attorneys for the petitioners will be fixed upon the submission of an affidavit of legal services duly served upon the attorneys appearing in this proceeding.